KEKER, VAN NEST & PETERS LLP
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
DAVID SILBERT - # 173128
dsilbert@keker.com
EUGENE M. PAIGE - # 202849
epaige@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Petitioners
FACEBOOK, INC. and INSTAGRAM LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM LLC,<br><br>Petitioners,<br><br>v.<br><br>HOULIHAN LOKEY, INC.,<br><br>Respondent. | Misc. Case No.  3:21-mc-80192<br><br>[*Underlying Action*:  *Voxer, Inc. and Voxer IP LLC v. Facebook, Inc. and Instagram LLC,* United States District Court for the Western District of Texas, Case No. 1:20-cv-00655 [ADA]]<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED CONDITINALLY FILED UNDER SEAL**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................................1

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37-1 ..................................2

MEMORANDUM OF POINTS AND AUTHORITIES .................................................3

I.   INTRODUCTION ...............................................................................................3

II.  FACTUAL BACKGROUND .............................................................................3

    A.   ████████████████████ .....................................3

    B.   Houlihan Lokey promises but fails to produce documents in a timely manner.................................................................................................4

    C.   Houlihan Lokey serves an untimely privilege log containing 624 entries...............5

III. LEGAL STANDARDS ........................................................................................7

    A.   Subpoenas ...................................................................................................7

    B.   Requirements to establish an attorney-client communication ..................7

    C.   Privilege logs must be sufficiently detailed to enable other parties to assess the claim.............................................................................................8

IV.  ARGUMENT .......................................................................................................8

    A.   Houlihan Lokey's objections to the subpoena have been waived. .........8

    B.   The documents should be produced because the privilege log is insufficient. ..............................................................................................9

    C.   The documents should be produced because they are not covered by the attorney client privilege. ........................................................................10

    D.   Common interest doctrine does not create a privilege.............................11

V.   CONCLUSION..................................................................................................13

i

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH
SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No.

1721735

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advante Int'l Corp. v. Mintel Learning Co.*,
2008 WL 108900 (N.D. Cal. Jan. 2, 2008) ...............................................................7, 9

*Beaver Cty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*,
2016 WL 3162218 (N.D. Cal. June 7, 2016) ...................................................................7

*Diagnostics Systems Corp. v. Symantec Corp.*,
2008 WL 9396387 (C.D. Cal. Aug. 12, 2008) ................................................................11

*Elan Microelectronics Corp. v. Apple, Inc.*,
2011 WL 3443923 (N.D. Cal. August 8, 2011) ....................................................8, 9, 10

*In re Grand Jury Investigation*,
974 F.2d 1068 (9th Cir. 1992) ..................................................................................7, 8, 9

*IP Co., LLC v. Cellnet Tech., Inc.*,
2008 WL 3876481 (N.D. Cal. Aug. 18, 2008) ..............................................................12

*Lenz v. Universal Music Corp.*,
2009 WL 3573990 (N.D. Cal. Oct. 30, 2009) ...............................................................11

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
2013 WL 5594474 (N.D. Cal. Oct. 10, 2013) .................................................8, 10, 11

*Nidec Corp. v. Victor Co. of Japan*,
249 F.R.D. 575 (N.D. Cal. 2007) ..................................................................................12

*SanDisk Corporation v. Round Rock Research LLC*,
2014 WL 691565, . (N.D. Cal. Feb. 21, 2014) ..............................................................10

*Schoonmaker v. City of Eureka*,
2018 WL 5829851 (N.D. Cal. Nov. 7, 2018) ..............................................................7, 9

*Smithkline Beechman Corp. v. Apotex Corp.*,
193 F.R.D. 530 (N.D. Ill. 2000) .......................................................................................9

*United States v. ChevronTexaco Corp.*,
241 F. Supp. 2d 1065 (N.D. Cal. 2002) .........................................................................11

*United States v. Gray*,
876 F.2d 1411 (9th Cir. 1989) .........................................................................................7

*United States v. Martin*,
278 F.3d 988 (9th Cir. 2002) ............................................................................................3

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH
SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No.

1721735

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**Rules**

4

Fed. R. Civ. P. 26.................................................................................................7, 8, 10

5

Fed. R. Civ. P. 45.............................................................................................1, 7, 8, 9

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH
SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No.

1721735

1  **NOTICE OF MOTION AND MOTION**

2  Please take notice that on the first hearing date following Petitioner's filing of their Reply

3  Brief in Support of this Motion to Compel, Petitioners Facebook, Inc. and Instagram LLC,

4  (hereinafter, "Petitioners") will and hereby move as follows:

5  Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, Petitioners file this motion

6  in this Court because the recipient of the subpoena, Houlihan Lokey, Inc. ("Houlihan Lokey")

7  resides in this District, the subpoena called for compliance in this District, and Houlihan Lokey

8  did not object to compliance in this District.

9  This Motion is based on this Notice of Motion and Motion to Compel Houlihan Lokey's

10  Compliance with Subpoena, the attached Memorandum of Points and Authorities, the Declaration

11  of Paven Malhotra ("Malhotra Decl.") and accompanying exhibits, all pleadings and papers on

12  file herein, and upon such further oral and documentary evidence as may be presented at or before

13  the hearing on this Motion.

14  Petitioners are defendants in an action currently pending in the United States District

15  Court for the Western District of Texas, *Voxer, Inc., et al. v. Facebook, Inc., et al.*, Western

16  District of Texas, Case No. 1:20-CV-00655 [ADA] (the "Texas Action"). Petitioners are accused

17  of infringing patents of Voxer IP LLC, one of the plaintiffs in that litigation.

18  On June 3, 2021, Petitioners served on Houlihan Lokey two subpoenas (one for

19  documents and one for a deposition) seeking evidence for use in the Texas Action. The subpoenas

20  are attached to the Malhotra Declaration as Exhibits A and B. The subpoena for documents called

21  for production fourteen days later on June 17, 2021. Houlihan Lokey failed to serve timely

22  objections to these subpoenas, did not request an extension of time in which to serve objections,

23  and instead served untimely objections on July 8, 2021. On July 30, 2021, Houlihan Lokey served

24  a 624-entry privilege log. Pursuant to Local Rule 37-2, the requests relevant to this motion,

25  Houlihan Lokey's untimely objections and its privilege log are attached to the Malhotra

26  Declaration as Exhibits A, B, G and Y.

27  Pursuant to Federal Rules of Civil Procedure, Rule 45, Petitioners move for an Order

28  Compelling production of documents withheld as privileged by Houlihan Lokey within three

business days of the Court's order or, in the alternative, an in camera review of documents withheld by Houlihan Lokey on privilege grounds. Petitioners further move for an order compelling Houlihan Lokey to tender a witness for deposition pursuant to the subpoena served by Petitioners within 10 business days of the Court's order or production of the sought-after documents, whichever is later.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37-1</u>

Pursuant to Local Rule 37-1, Petitioners' counsel hereby certifies that they conferred with counsel for Houlihan by teleconference and in writing regarding the subpoenas, including meet and confer call to address the subpoena on August 5, 2021, and that such attempts to resolve the discovery issue were unsuccessful. *See* Malhotra Declaration at ¶ 29.

Dated:  August 13, 2021

KEKER, VAN NEST & PETERS LLP

By:   /s/ *Paven Malhotra*

CHRISTA M. ANDERSON
DAVID SILBERT
EUGENE M. PAIGE
MATTHEW M. WERDEGAR
PAVEN MALHOTRA

Attorneys for Petitioners
FACEBOOK, INC. and INSTAGRAM LLC

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

"The fact that a person is a lawyer does not make all communications with that person

4

privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)[1]. In order for the privilege

5

to apply, "the communication must be between the client and lawyer for the purpose of obtaining

6

legal advice." *Id.* at 1000. This motion seeking to require Houlihan Lokey, an investment bank, to

7

comply with Petitioners' subpoena, arises out of Houlihan Lokey's broad assertions of attorney-

8

client privilege and "common interest" as to ***624*** business and patent valuation documents simply

9

because they purportedly contain some information provided by a lawyer. Houlihan Lokey is not

10

a law firm. Rather, it is an investment bank ████████████████████████ the

11

plaintiff in a patent lawsuit filed against Facebook, Inc. and Instagram LLC (collectively,

12

"Facebook") in the Western District of Texas. *See Voxer, Inc., et al. v. Facebook, Inc., et al.*,

13

Western District of Texas, Case No. 1:20-CV-00655 [ADA] ("the Texas Action"). Years prior to

14

suing Facebook in January 2020, ████████████████████████████████

15

███████████████████████████████████████████████████

16

████████████████████████ Voxer shifted gears and sought to monetize

17

its patents by suing Facebook. ███████████████████████████

18

███████████ it is withholding or redacting hundreds of documents simply because they

19

allegedly contain information provided by an attorney. Notably, there is no claim of attorney

20

work product, only of attorney-client communications and "common interest" privilege.

21

As will be demonstrated below, these non-privileged documents were generated as part of

22

the regular business of Houlihan Lokey ████████████████████████████

23

███████ and should be produced.

24

**II.   FACTUAL BACKGROUND**

25

█   ███████████████████████████

26

Discovery in the Texas Action has revealed that █████████████████

27

28

---

[1] Unless otherwise indicated, all quotation marks and internal citations are omitted.

3



1

2

3

4

5

6

7

8

9

10

11

12

13   Irv Remedios, Voxer's CEO, testified in the Texas Action that

14

15

16

17

18

19   **B.     Houlihan Lokey promises but fails to produce documents in a timely manner**

20   On June 3, 2021, Facebook served on Houlihan Lokey two subpoenas issued by the

21   Western District of Texas court (one for documents and one for a deposition) seeking evidence

22   related to the relationship between Voxer and Houlihan Lokey/Black Stone, and the work

23   performed in connection with same, for use in the Texas Action. Houlihan Lokey, then

24   [2] *See* Malhotra Decl. Ex. C, at HL0017977 (Master Services Engagement Letter).

25   [3] *See id*. at HL0017978.

26   [4] *See* Malhotra Decl. Ex. D, at 158:10–18 (7/8/21 Remedios Dep.).

27   [5] *See* Malhotra Decl. Ex. E (Notice of Termination of Master Services Letter Agreement).

[6] *See* Malhotra Decl. Ex. D, at 159:11–17 (7/8/21 Remedios Dep.).

28   [7] *See* Malhotra Decl. Ex. D, at 159:23–160:7 (7/8/21 Remedios Dep.).

represented by its in-house counsel, informed Facebook that a document production was forthcoming on July 1, 2021.[8] When July 1 came and went with no production of documents, Facebook inquired about the status of production. *Id*. For the first time, on July 6, 2021 the Quinn Emanuel law firm, which is also representing Voxer in the Texas Action, appeared and asserted that it was now representing Houlihan Lokey and that the promised document production would be delayed.[9] Another two weeks passed before Houlihan Lokey made its first production, although no privilege log was produced.[10] Facebook pressed Houlihan Lokey to produce its privilege log. Houlihan Lokey waited an additional two weeks and only served its privilege log on July 30, 2021—nearly two months after Facebook served its subpoena.[11]

**C.    Houlihan Lokey serves an untimely privilege log containing 624 entries**

The July 30th privilege log consists of a remarkable 624 entries.[12] (To put this log in perspective, Voxer's privilege log in the Texas action consisted of roughly 450 entries.)[13] Over 150 entries on the Houlihan Lokey privilege log (Entry Nos. 468–624) provide no information whatsoever with respect to senders or recipients.

A review of the redacted copies of the allegedly privileged documents provided by Houlihan Lokey reveals that the entries on the privilege log largely consist of documents such as the following:

_____

[8] *See* Malhotra Decl. Ex. F, at 1 (7/5/2021 Grace Kim email to Bob Kim).

[9] *See* Malhotra Decl. ¶ 8.

[10] *See id*.

[11] *See id*.

[12] *See* Malhotra Decl. Ex. G (Houlihan Lokey Privilege Log).

[13] *See* Malhotra Decl. ¶ 10.

[14] Malhotra Decl. Ex. H (Business Enterprise Valuation Presentation).

[15] Malhotra Decl. Ex. I (Fuze Valuation Presentation).

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No. CaseNumber

1721735

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Exemplar copies of these redacted documents are attached to the Malhotra Declarations as Exhibits

H–J. All of these documents were generated by Houlihan Lokey and specifically note ████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████ The withheld documents also include, for example:

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Exemplar copies of these redacted documents are attached to the Malhotra Declaration as

---

[16] Malhotra Decl. Ex. J (Voxer Tech + IP Sales Presentation).

[17] *See, e.g.*, Malhotra Decl. Ex. I, at HL0017469 (Fuze Valuation Presentation); Ex. J, at HL0017876 (Voxer Tech + IP Sales Presentation); Ex. H, at HL0017894 (Business Enterprise Valuation Presentation) (emphasis added).

[18] *See, e.g.*, Malhotra Decl. Ex. K (3/31/2017 working drafts of the Voxer Tech + IP Sale Process Update); Ex. L (3/3/2017 working drafts of same); Ex. M (3/6/2017 working drafts of same); Ex. N (8/9/2017 working drafts of same); *see also* Ex. O (6/27/2017 working drafts of the Voxer, Inc. Enterprise Sales Valuation presentation); Ex. P (6/30/2017 working drafts of same); Ex. Q (8/16/2017 working drafts of same); Ex. R (6/24/2017 working drafts of same); Ex. S (6/23/2017 working drafts of same).

[19] Malhotra Decl. Ex. T (12/15/16 Voxer Notes).

[20] Malhotra Decl. Ex. U (2/10/2017 email correspondence among Houlihan Lokey personnel).

[21] Malhotra Decl. Ex. V (5/19/2017 email correspondence); Ex. W (5/24/2017 email correspondence); Ex. X (5/23/2017 email correspondence).

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH
SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No. CaseNumber

1721735

Exhibits K–X.

## III.   LEGAL STANDARDS

### A.   Subpoenas

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty to "attend and testify" at a deposition and to "produce designated documents, electronically stored information, or tangible things." The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)). Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Rule 45 requires that a subpoena be issued by the court where the underlying action is pending, but that challenges to the subpoena are to be heard by the district court where compliance with the subpoena is required. Fed. R. Civ. P. 45(a)(2), (d)(3)(A). A party may enforce compliance with a subpoena via a motion to compel. *See* Fed. R. Civ. P. 45(g); *Schoonmaker v. City of Eureka*, 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018).

### B.   Requirements to establish an attorney-client communication

The Ninth Circuit sets forth "eight essential elements" for determining when the attorney-client privilege applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992). The burden to prove that the privilege applies is on the party asserting the privilege. *Id.* at 1070; *see also Advante Int'l Corp. v. Mintel Learning Co.*, 2008 WL 108900, at *3 n.5 (N.D. Cal. Jan. 2, 2008) (stating that the "burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it."). Because the attorney-client privilege is in derogation of the search for truth, it is "narrowly and strictly construed." *United States v. Gray*,

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No. CaseNumber

1721735

876 F.2d 1411, 1415 (9th Cir. 1989). In order to "prevent abuse and assure the availability of relevant evidence . . . the privilege is limited to only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Grand Jury Investigation*, 974 F.2d at 1070. Stated differently, "for the attorney-client privilege to apply, [a party's] communications with the third-party consultant must be related to [that party's] receipt of legal advice from its lawyers. This factor gives rise to the corollary rule that the attorney-client privilege does not protect business communications and advice." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *2 (N.D. Cal. Oct. 10, 2013).

### C. Privilege logs must be sufficiently detailed to enable other parties to assess the claim

A privilege log is one "means of sufficiently establishing" the applicability of a privilege. *Grand Jury Investigation*, 974 F.2d at 1071. "[A] privilege log should be provided that identifies and describes the documents in sufficient detail to 'enable other parties to assess the claim.'" *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923, at *2 (N.D. Cal. August 8, 2011). The privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In particular, a privilege entry should contain at least the following information:

> (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.

*Grand Jury Investigation*, 974 F.2d at 1071. If a party cannot "justify its failure to provide the required information [in its privilege log] in a timely manner, [its] objections are deemed waived." *Elan Microelectronics*, 2011 WL 3443923, at *5.

### IV. ARGUMENT

### A. Houlihan Lokey's objections to the subpoena have been waived

As an initial matter, Rule 45 provides that a party served with a subpoena commanding the production of documents must serve objections "before the earlier of the time specified for

compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "Failure to serve timely objections [pursuant to Fed. R. Civ. P. 45(d)(2)(B)] waives all grounds for objection." *Schoonmaker v. City of Eureka*, 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018). Here, Houlihan Lokey was served with a subpoena on June 3, 2021, but did not serve its objections until July 8, 2021, more than 30 days later. Accordingly, any objections asserted by Houlihan Lokey in response to the subpoena have been waived.

**B.     The documents should be produced because the privilege log is insufficient**

Even had it been timely, the content of Houlihan Lokey's privilege log demonstrates Houlihan Lokey's inability to establish the attorney client privilege and the "common interest" privilege.

For at least entries 468–624, Houlihan Lokey's privilege log fails to describe "(a) the attorney and client involved[,] . . . (c) all persons or entities shown on the document to have received or sent the document, [or] (d) all persons or entities known to have been furnished the document or informed of its substance." *See Grand Jury Investigation*, 974 F.2d at 1071. As this Court has previously stated, "Because Advante failed to provide such evidence or other evidence sufficient to show that the document in dispute was ever transmitted from client to attorney, Advante has not met its burden to show the document is privileged." *Advante*, 2008 WL 108900, at *2.

Here too, Houlihan Lokey is unable to establish that the unidentified authors of at least entries 468–624 ever transmitted the documents from attorney to client (or vice versa), and thus cannot meet its burden to show the documents should be immune to discovery. Accordingly, the documents should be produced. *See Elan Microelectronics*, 2011 WL 3443923, at *1, *5–*6 (deeming privilege objections waived because individual entries on privilege log fail to name the counsel who was involved or directed the specific communications for which privilege is claimed); *Smithkline Beechman Corp. v. Apotex Corp*., 193 F.R.D. 530, 539 (N.D. Ill. 2000) (ordering production of documents that fail to name specific individuals as authors or recipients because "where the client is a corporation, the privilege is waived if the communications are disclosed to employees who did not need access to the communication," and it is "impossible to

9

1    assess whether such generically described persons had any need for, or responsibility to act upon,

2    such allegedly confidential information").

3        Houlihan Lokey's privilege log also fails to describe the nature of the purportedly

4    privileged communications in a manner that would enable Facebook to assess the applicability of

5    the claimed privileges, as required by Fed. R. Civ. P. 26(b)(5)(A)(ii). Houlihan Lokey's privilege

6    log for these documents parrots the same sorts of vague, boilerplate descriptions for virtually

7    every entry on the log ███████████████████████████████████

8    ███████████████████████████████████████

9    ████████████████████████████████████████████

10   ██████████████████████████████████████████

11   ████████████████████████████████

### C.    The documents should be produced because they are not covered by the attorney client privilege

Even if Houlihan Lokey had provided a proper log, the documents identified in the log still would not be protected by the attorney client privilege. Where a lawyer's advice is used for business purposes rather than for legal purposes, the privilege does not attach.

In *SanDisk Corporation v. Round Rock Research LLC*, this Court held that a patent assertion entity's internal documents and communications with its licensing agent were not privileged where they did not discuss litigation strategies, but rather merely business plans. 2014 WL 691565, at *1, *3–*4. (N.D. Cal. Feb. 21, 2014). The Court found that the documents were "prepared primarily for the patent assertion entity's licensing business" and that while the purportedly privileged materials consisted of an "overview of [the assertion entity's] patent portfolio and its business" and information regarding SanDisk, the documents did not "evidence[] any litigation purpose" but rather, "the purpose of the documents is to analyze SanDisk as a potential licensing target." *Id.* at *1, *3. Accordingly, the Court concluded that the documents were not privileged and ordered that they be produced. *Id.* at 4. In so holding, the Court relied in part on *MediaTek Inc. v. Freescale Semiconductor, Inc*., where the Court had previously held that for "so-called 'dual purpose' communications," which serve both legal and business purposes,

1721735

"there is general agreement that the privilege applies where the *primary or predominant purpose* of the attorney-client consultation is to seek legal advice or assistance." *Id.* at *3. The Court in *MediaTek*, in addressing documents that "were indisputably related to a business purpose— whether to purchase the patents—but, according to MediaTek, also served a legal purpose; that is, they were created to assist MediaTek's lawyers in giving MediaTek legal advice about the patents," held that the documents were not privileged where there was no evidence that "the reports were prepared primarily to assist with MediaTek's receipt of legal advice as opposed to a business decision as to whether to purchase the patents." 2013 WL 5594474, at *2, *5.

██████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076, 1078 (N.D. Cal. 2002) (ordering production because the "contents of these communications are purely financial. They reflect factual information used to implement the transaction."); *Lenz v. Universal Music Corp.*, 2009 WL 3573990, at *2 (N.D. Cal. Oct. 30, 2009) (ordering production of communications because "it is entirely plausible that . . . such notices may be dispatched [as] a part of a business strategy to appease clients"); *Diagnostics Systems Corp. v. Symantec Corp.*, 2008 WL 9396387, at *6 (C.D. Cal. Aug. 12, 2008) (ordering production of a presentation made by in-house counsel regarding "how to identify patents to acquire and 'targets' to assert them against, how to 'assess value,' and how to develop an 'assertion plan'"). Such "functions are clearly business functions, and documents resulting from these functions cannot be categorized in sweeping assertions of privileges and protection in order [to] shield the documents from discovery simply because Vella is a lawyer." *Id.*

### D.    Common interest doctrine does not create a privilege

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████ "Participants in a joint or common defense or individuals with a community of interests . . . may communicate among themselves and with the separate attorneys

---

[22] Malhotra Decl. Ex. G (Houlihan Lokey privilege log).

11

on matters of common legal interest, for the purpose of preparing a joint strategy," and their otherwise privileged communications will continue to be protected by the attorney-client privilege. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The common interest privilege applies where "(1) the communication is made by separate parties in the course of a matter of common [*legal*] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Id.* (emphasis added).

"[A] blanket claim as to the applicability of the privilege does not satisfy the burden of proof." *IP Co., LLC v. Cellnet Tech., Inc*., 2008 WL 3876481, at *3 (N.D. Cal. Aug. 18, 2008) (further explaining that "the party asserting the privilege bears the burden of establishing its existence and must make a clear showing that the asserted objection applies"). Moreover, the "common interest doctrines are not privileges in and of themselves. Rather, they constitute exceptions to the rule on waiver where communications are disclosed to third parties." *Nidec*, 249 F.R.D. at 578. As explained above, the Houlihan Lokey documents are neither privileged nor protected by the work product doctrine, and thus the common interest doctrine cannot create a privilege where none exists.

More to the point, this Court has recognized the "basic requirement of the common interest exception that the parties must have 'a common legal, as opposed to commercial, interest.'" *Nidec*, 249 F.R.D. at 579. It has also noted that many courts have disagreed with the proposition that "the common interest privilege extends generally to disclosures made in connection with the prospective purchase of a business." *Id.* (citing, *e.g.*, *Libbey Glass, Inc. v. Oneida, Ltd*., 197 F.R.D. 342, 349 (N.D. Ohio 1999) (concluding that defendant "sought commercial gain, not legal advantage, through disclosure of its lawyer's advice to [third parties]"); *Bank Brussels Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 447 (S.D.N.Y.1995) (stating that "the common interest doctrine does not encompass a joint business strategy which happens to include as one of its elements a concern about litigation"). Here, as explained above, the documents in Houlihan Lokey's privilege log were plainly generated for a business purpose— namely, ████████████████████████—rather than for any legal purpose.

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No. CaseNumber

1721735

1

## V.     CONCLUSION

For the reasons set forth above, Petitioners respectfully request the Court to compel Houlihan Lokey to produce unredacted versions of the documents identified in its privilege log within three business days of the Court's order or, in the alternative, an in camera review of documents withheld by Houlihan Lokey on privilege grounds. Petitioners further move for an order compelling Houlihan Lokey to tender a witness for deposition pursuant to the subpoena served by Facebook, within ten business days of the Court's order or production of the sought-after documents, whichever is later.


Dated:  August 13, 2021                                    KEKER, VAN NEST & PETERS LLP


                                                    By:    /s/ Paven Malhotra
                                                           CHRISTA M. ANDERSON
                                                           DAVID SILBERT
                                                           EUGENE M. PAIGE
                                                           MATTHEW M. WERDEGAR
                                                           PAVEN MALHOTRA


                                                           Attorneys for Petitioners
                                                           FACEBOOK, INC. and INSTAGRAM
                                                           LLC

NOTICE OF MOTION AND MOTION TO COMPEL HOULIHAN LOKEY, INC.'S COMPLIANCE WITH
SUBPOENA; MPA IN SUPPORT THEREOF
Misc. Case No. CaseNumber

1721735